# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DOUGLAS MAURICE ROGERS,

    Petitioner,

v.

SHIRLEE HARRY,

    Respondent,

Civil No. 2:07-CV-11224
HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE
HONORABLE MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

_____/

## ORDER TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

**FILED**

**APR 2 3 2007**

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

### I. Introduction

Douglas Maurice Rogers, ("petitioner"), presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his 1970 conviction out of the Detroit Recorder's Court for one count of first-degree felony murder, M.C.L.A. 750.316. Petitioner has previously filed at least one petition for a writ of habeas corpus challenging this conviction. The petition was dismissed on the ground it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *Rogers v. Cason*, U.S.D.C. 1:03-CV-770 (W.D. Mich. January 12, 2004)(Enslen, J.); *appeal dism.* U.S.C.A. 04-1218 (6th Cir. September 7, 2004).[1] For the following reasons, the

---

[1] Petitioner claims that he previously filed a petition for writ of habeas corpus which challenged this conviction in 1982 under the case name of *Rogers v. Foltz*, U.S.D.C. 82-73082. Petitioner claims that

Court has concluded that it must transfer this case to the Court of Appeals.

## II. Discussion

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; See also *In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, petitioner has previously filed a habeas petition with

---

the case was assigned to Judge Julian Abele Cook, Jr. and denied on March 31, 1983. This Court has been unable to find this case, however, in its own database under the case name or case number provided by petitioner.

2

the federal courts, which was dismissed on the ground that it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). The dismissal of a state prisoner's § 2254 petition for failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders any future petitions filed under § 2254 which challenge the same conviction a "second or successive" petition for the purpose of § 2244(b). See *Murray v. Greiner*, 394 F. 3d 78, 81 (2nd Cir. 2005); *Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003). Judge Enslen's dismissal of petitioner's prior habeas application on the ground that it was barred by the statute of limitations was therefore an adjudication on the merits of petitioner's prior habeas application, for the purpose of § 2244(b).

Moreover, petitioner further indicates that he has previously filed a habeas petition challenging this conviction, which was denied by Judge Cook of this district in 1983.

The current application is therefore a second or successive petition for habeas relief. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, See *Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the

3

issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. See *Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *Corrao v. United States*, 152 F. 3d 188, 190-91 (2nd Cir. 1998); See also *Gonzalez v. United States*, 135 F. Supp. 2d 112, 121 (D. Mass. 2001).

### III. Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

_____
**R. STEVEN WHALEN**
**UNITED STATES MAGISTRATE JUDGE**

Dated: 4/23/07